IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF: | : CIVIL ACTION |
| METROPOLITAN STEEL INDUSTRIES, INC. | : <br> : NO. 16-5392 |

MEMORANDUM

**KEARNEY, J.**  **January 12, 2017**

Businesses frequently seek bankruptcy protection to reorganize including sale of assets. Our learned bankruptcy judges and trustees, meeting their fiduciary obligations, carefully review these noticed asset sales in open contested hearings where creditors can challenge the good faith and validity of the asset sales. After briefing and hearing, the bankruptcy court may allow the sale consistent with the Bankruptcy Code. A disappointed party may appeal the bankruptcy court's decision but the asset sale, absent a stay order, will occur. When, as here, disappointed creditors challenge the bankruptcy court's order approving an asset sale but failed to stay the sale pending appeal, we find no basis to consider an appeal when the relief has been fully effected absent a stay and granting the requested relief with significantly affect the negotiated terms approved by the bankruptcy court. As we find no basis to grant relief in this appeal because the asset sale occurred, we dismiss their appeal in the accompanying Order.

I.  **Background**

On August 3, 2016, Metropolitan Steel Industries, Inc. filed for Chapter 11 bankruptcy protection.[1] On August 25, 2016, Robert Holber, the appointed Chapter 11 Trustee, and East Coast SteelFab, LLC ("East Coast") signed an asset purchase agreement (the "Agreement") to

sell substantially all of Metropolitan Steel's assets to East Coast free and clear of all liens, subject to bidding procedures.[2]

After signing the Agreement, Trustee Holber moved for orders approving the bidding procedures and the sale of Metropolitan Steel's assets free and clear of liens (the "Sale Motion").[3] On September 21 and 23, 2016, Iron Workers Local 40, 361 & 417 and Iron Workers Local 580 Joint Funds (the "Iron Workers"), and several of Metropolitan Steel's creditors, filed objections to the Sale Motion. They asserted, among other things, any order approving the sale should be conditioned on East Coast being bound to certain agreements between Metropolitan Steel and the Iron Workers (the "Union Agreements"), and should not include language barring successor or control group liability.[4]

On September 30, 2016, after a contested hearing on the Sale Motion, the Bankruptcy Court overruled the Iron Workers' objections and entered an order approving the Agreement (the "Sale Order").[5] The Sale Order did not require East Coast to be bound by any of the Union Agreements, included a provision protecting East Coast from successor liability claims, and held Trustee Holber and East Coast signed the Agreement in good faith, entitling them to the protections of § 363(m) of the Bankruptcy Code.[6]

The Iron Workers timely appealed the Sale Order.[7] The Trustee and East Coast closed on the asset sale on November 23, 2016.[8] No party moved for a stay of the Sale Order pending appeal.

## II. Analysis

We dismiss the Iron Workers' appeal of the Sale Order because it is statutorily moot. Sales in bankruptcy are governed by § 363 of the Bankruptcy Code, which, *inter alia*, authorizes the trustee to use, sell, or lease property of a debtor's estate after notice and a hearing.[9] To

promote certainty and finality with respect to these sales and encourage parties to bid for assets, § 363(m) "prohibits the reversal of a sale to a good faith purchaser of bankruptcy estate property... if a party fails to obtain a stay of the sale."[10]

Our Court of Appeals rejects the *per se* rule of other Circuits where every appeal not accompanied by a stay is moot.[11] Instead, our Court of Appeals interprets § 363(m) to require "two conditions must be satisfied before an appeal may be dismissed as moot...: (1) the sale was not stayed pending appeal, and (2) reversal or modification of the Bankruptcy Court's authorization would affect the validity of the sale."[12]

In *Rock Airport of Pittsburgh, LLC v. Ferrone*, the debtor filed for Chapter 11 bankruptcy protection.[13] The trustee moved to sell the debtor's assets.[14] The debtor's owner objected.[15] The Bankruptcy Court overruled the objections, found the buyer to be a good faith purchaser, and approved the sale.[16] The debtor's owner moved for a stay, but the Bankruptcy Court denied it.[17] The sale closed.[18] The debtor's owner appealed to the District Court to void the sale.[19] The District Court dismissed the appeal as statutorily moot under § 363(m).[20] Our Court of Appeals affirmed, finding no evidence to suggest the buyer did not purchase the assets in good faith.[21] Our Court of Appeals agreed with the District Court the Bankruptcy Court did not stay the sale and the remedy sought "would inevitably undermine the validity of the sale."[22]

Here, after a contested hearing, the Bankruptcy Court found Trustee Holber and East Coast negotiated, proposed, and entered into the Agreement without collusion, in good faith, and following arm's length bargaining.[23] At the Sale Hearing, Trustee Holber testified about the process used to seek bids for Metropolitan Steel's assets, as well as his confirming no collusion between the bidders, conducting the negotiations at arm's length, and concluding the sale in good faith.[24] The Iron Workers' counsel did not cross-examine Trustee Holber on any of these

3

statements, and did not offer evidence to contradict the Trustee's testimony.[25] The Iron Workers' counsel conceded at the Sale Hearing the Iron Workers "don't really have an issue as to how [Trustee Holber] got their bids or the price that they're using."[26] The Bankruptcy Court held East Coast is a good faith purchaser under § 363(m), and entitled to its protections.

We now review the Bankruptcy Court's factual findings for clear error.[27] The Iron Workers fail to identify a basis to conclude the Bankruptcy Court's factual findings of good faith are clearly erroneous. In opposition to the motion to dismiss, the Iron Workers cite no part of the Bankruptcy Court record in which they challenged East Coast's good faith,[28] and simply reiterate the arguments they made when they appealed the Sale Order.[29] The Bankruptcy Court already considered and rejected those arguments. There is no basis to disturb those factual findings here.

The Iron Workers' appeal is statutorily moot under our Court of Appeals' two-part test. The underlying sale is not stayed pending this appeal.[30] The Iron Workers' appeal is moot unless reversing or modifying the sale authorization would not affect the validity of the sale. In deciding whether a reversal or modification would affect the validity of a sale, we must determine whether the relief sought "would impact the terms of the bargain struck by the buyer and seller."[31] "A challenge to an authorized transaction will necessarily impact that transaction's validity if it seeks to affect the validity of a central element, such as the sale price."[32]

East Coast, the Hartleys, and Trustee Holber demonstrated the modifications the Iron Workers wish to make to the court-approved sale would significantly impact the terms of the bargain struck between East Coast and Trustee Holber. Under the Agreement, East Coast specifically bargained for the right to not be bound by any of Metropolitan Steel's contracts, including the Union Agreements,[33] and for protection against successor liability claims.[34] At the Sale Hearing, East Coast's counsel stated if the court removed the successor liability protections

from the Agreement, East Coast would either not be willing to purchase Metropolitan Steel's assets, or would not be willing to pay the purchase price under the Agreement.[35]

The Iron Workers now repeat the same request and seek to modify the authorized sale to subject East Coast to potential control group or successor liability claims in the future.[36] This modification goes to the very heart of the bargain struck between Trustee Holber and East Coast. The Iron Workers offered no counter-arguments for how their requested modification would not impact the terms of the bargain. We are left to conclude their requested relief would significantly affect the validity of the sale, and their appeal is statutorily moot.

### III. Conclusion

The Iron Workers, and those joining in their arguments, had every opportunity to challenge the Bankruptcy Court's fact findings in open court. They did not succeed, largely because they could not adduce evidence. They then appealed but inexplicably failed to seek a stay to maintain the status quo pending appeal. As commercial parties should expect, the Trustee and East Coast complied with the Bankruptcy Court's Sale Order and completed the sale. Absent a stay and finding the requested relief would significantly change the bargain approved by the Bankruptcy Court, we dismiss the appeal as statutorily moot.

---

[1] *In re Metropolitan Steel Industries, Inc.*, No. 16-15510, ECF Doc. No. 1.

[2] *Id.* at 35-2.

[3] *Id.* at 35.

[4] *Id.* at 105, 110.

[5] *Id.* at 129.

[6] *Id.*

---

[7] *Id.* at 148.

[8] *In re Metropolitan,* No. 16-15510 at 176.

[9] 11 U.S.C. § 363(b)(1); *Rock Airport of Pittsburgh, LLC v. Ferrone,* 641 Fed. App'x. 117, 119 (3d Cir. 2016).

[10] *Rock Airport of Pittsburgh,* 641 Fed. App'x. at 119.

[11] *Cinicola v. Scharffenberger,* 248 F.3d 110, 128 (3d Cir. 2001).

[12] *Rock Airport of Pittsburgh,* 641 Fed. App'x. at 120 (citing *Cinicola,* 248 F.3d at 128; *Krebs Chrysler-Plymouth v. Valley Motors, Inc.,* 141 F.3d 490, 499 (3d Cir. 1998)).

[13] *Id.* at 118.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 119.

[17] *Id.*

[18] *Id.*

[19] *Id.* at 119, 120.

[20] *Id.* at 119.

[21] *Id.* at 120.

[22] *Id.*

[23] *In re Metropolitan,* No. 16-15510 at 129, p. 4.

[24] *Id.* at 175, p. 14.

[25] *Id.* at p. 15.

[26] *Id.* at p. 7.

[27] "[F]indings of fact made by the bankruptcy court may be reversed only for clear error." *Nelson Co. v. Counsel for the Official Comm. Of Unsecured Creditors (In re Nelson Co.),* 959 F.2d 1260, 1263 (3d Cir. 1992) (citations omitted). "A factual finding is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake

has been committed." *Schlumberger Res. Mgmt. Servs. v. CellNet Data Sys. (In re CellNet Data Sys.)*, 327 F.3d 242, 244 (3d Cir. 2003) (internal citations omitted).

[28] ECF Doc. No. 13 at p. 5.

[29] *Id.* at pp. 5, 9.

[30] *In re Metropolitan*, No. 16-15510 at 176.

[31] *Boeing Co. v. Kaiser Aircraft Indus. (In re Alabama Aircraft Indus.)*, 514 Fed. App'x 193, 195 (3d Cir. 2013) (citations omitted).

[32] *Id.* (internal citations omitted).

[33] *In re Metropolitan*, No. 16-15510 at 35-2, ¶ 1.

[34] *Id.* at ¶ 5.

[35] *Id.* at 175, p. 41.

[36] ECF Doc. No. 12 at 5.